```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

JOAQUIN BROWN,                          *

    Plaintiff,                      *

vs.                                     *       CASE NO. 4:08-CV-150 (CDL)

RACHEL J. LEWIS a/k/a Rachel            *
Brown and JAMES LEWIS,
                                        *
    Defendants.
                                        *

## O R D E R

In this action, Plaintiff Joaquin Brown asserts various federal and state law claims against his ex-wife, Rachel Lewis, and his ex-wife's spouse, James Lewis. Plaintiff also made claims against his ex-wife's former attorney, Richard Hagler; Judge Kenneth Followill of the Muscogee County, Georgia Superior Court; and the Office of Child Support Services for Muscogee County, Georgia ("OCSS"). The Court previously dismissed those claims. *See Brown v. Lewis*, No. 4:08-CV-150 (CDL), 2009 WL 1457139, at *12-*13 (M.D. Ga. May 22, 2009) [hereinafter May 22nd Order]. Plaintiff's claims against the Lewises stem from a 1985 divorce and a 1990 adoption granted in Muscogee County. Because the Court finds that each of Plaintiff's remaining claims is untimely, the Court dismisses them *sua sponte*.

### BACKGROUND

In its previous Order, the Court granted motions to dismiss filed by Defendants Hagler, Followill, and OCSS. *Id.* Although

Defendants James and Rachel Lewis (the "Lewis Defendants") did not file a motion to dismiss, the Court exercised its authority under Federal Rule of Civil Procedure 12(h)(3) to dismiss the following claims against the Lewis Defendants for lack of subject matter jurisdiction: (1) federal law claims under the Servicemembers Civil Relief Act, 50 App. U.S.C. § 50 *et seq.*; (2) state law claims for illegal adoption; and (3) state law claims for illegal wage garnishment. May 22nd Order, 2009 WL 1457139, at *12-*13; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). After dismissing these claims, certain claims against the Lewis Defendants remained pending: (1) Plaintiff's claims for false arrest and/or malicious prosecution under 42 U.S.C. § 1983 ("§ 1983"); (2) Plaintiff's claims for false arrest, malicious prosecution, and/or false imprisonment under Georgia law; (3) Plaintiff's claims for malpractice under Georgia law; and (4) Plaintiff's claims for fraud under Georgia law.

The Court advised Plaintiff that it had serious concerns regarding whether these claims would be barred by their applicable statutes of limitations. The Court further advised Plaintiff that his present Complaint and its proposed amendments would not survive a motion to dismiss by the Lewis Defendants based upon the expiration of the statute of limitations. The Court then provided Plaintiff with notice that it intended to dismiss Plaintiff's claims against

the Lewis Defendants unless Plaintiff filed an amended complaint within fourteen days of the May 22nd Order alleging specific facts showing that Plaintiff's claims against the Lewis Defendants are not time-barred.  May 22nd Order, 2009 WL 1457139, at *13; *see Am. United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1057 (11th Cir. 2007) (requiring that a plaintiff be notified of the court's intentions and given an opportunity to amend complaint prior to the Court's *sua sponte* dismissal on the merits).

On June 4, 2009, Plaintiff timely submitted a response to the Court's May 22nd Order.  In his response, Plaintiff contends that the statute of limitations did not begin to run on his claims until November of 2007, when he received a wedding invitation from his daughter.  Plaintiff explains that he "questioned why his daughter was using the name Lewis on the invitation and this in turn lead to the discovery of all other court proceedings[.]"  (Pl.'s Resp. to Judge['s] Partial Dismissal of Pl.'s Original Pet. & Jury Demand [hereinafter Pl.'s Resp.] 3.)  The Court has carefully reviewed Plaintiff's submissions and concludes that Plaintiff has again failed to allege facts sufficient to demonstrate that his remaining claims against the Lewis Defendants are not barred by the applicable statutes of limitations.  Accordingly, the Court dismisses those claims *sua sponte*.

DISCUSSION

**I.     Plaintiff's § 1983 Claims**

Plaintiff's remaining federal law claims are for false arrest and malicious prosecution under § 1983. Plaintiff bases these claims on his assertion that on September 7, 1989, he was jailed for allegedly being in arrears on his child support obligations. (*See* Compl. ¶ 5, at 5.)  Although it is unclear from Plaintiff's submissions to the Court whether he seeks to assert a false arrest claim, a malicious prosecution claim, or both types of claims under § 1983, both types of claims are time-barred.

"Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983[.]" *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998).  In addition, the "closely related questions of tolling and application" of the statute of limitations are governed by state law, *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987), and Georgia law places "the burden of establishing the existence of any facts which would toll the statute of limitation" on the plaintiff, *AAA Truck Sales, Inc. v. Mershon Tractor Co.*, 239 Ga. App. 469, 470, 521 S.E.2d 403, 405 (1999).   In contrast, "[t]he question of when the limitations period begins to run . . . is one of federal law." *Uboh*, 141 F.3d at 1002.  Dismissal of a claim "on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter*

*Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (internal quotation marks omitted).

Georgia's "two-year personal injury limitations period applies to § 1983 actions in a Georgia district court." *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996); *see also* O.C.G.A. § 9-3-33. Section 1983 actions do not "accrue until the plaintiff is aware or should have been aware who has inflicted the injury." *Mullinax*, 817 F.2d at 716; *see also Eubank v. Leslie*, 210 F. App'x 837, 841 (11th Cir. 2006) (per curiam) ("A cause of action accrues for purposes of determining when the statute of limitations period began to run when the plaintiff knew or should have known of his injury and its cause."). Plaintiff was jailed on September 7, 1989 and released nine days later. (Compl. ¶ 5, at 5.) Although his § 1983 cause of action for false arrest would not accrue until Plaintiff knew of his injury and its cause, Plaintiff knew of the arrest forming the basis for this claim as soon as it occurred; he cannot reasonably contend that he did not find out about this particular court proceeding until November of 2007. This claim is untimely.

A plaintiff's malicious prosecution cause of action does not accrue "until the charges against him that relate to th[e] case were resolved in his favor." *Uboh*, 141 F.3d at 1003. Plaintiff has repeatedly failed to allege any facts suggesting that any underlying

5

criminal prosecution was resolved in his favor.[1]  In fact, based on Plaintiff's submissions to the Court, the only event alleged by Plaintiff that could possibly have "terminated" his criminal prosecution was his release from jail in September of 1989; Plaintiff's submissions to the Court contain no allegation that any criminal judgment against him was ever challenged or overturned. Even pretermitting whether Plaintiff's release constituted a "favorable" termination of the underlying criminal prosecution, which it clearly did not, it is clear that Plaintiff knew of his injury and its cause when he was released from jail.  This claim is also untimely.

Because it is clear from the face of Plaintiff's submissions to the Court that Plaintiff's § 1983 claims for false arrest and malicious prosecution accrued in 1989 at the latest, these claims are untimely.  Moreover, Plaintiff has failed to allege a legitimate basis for tolling the statutes of limitations applicable to these claims.  Accordingly, the Court dismisses Plaintiff's § 1983 claims *sua sponte.*

---

[1] Plaintiff's repeated failure to allege an essential element of his § 1983 malicious prosecution claim provides an alternative basis for its dismissal.  Even if the Court was to assume that Plaintiff's § 1983 claim for malicious prosecution is not time-barred, it would still be subject to dismissal for failure to state a claim. *Cf. Weaver v. Geiger*, 294 F. App'x 529, 534 (11th Cir. 2008) (per curiam)(affirming district court's dismissal of plaintiff's § 1983 malicious prosecution claim under 28 U.S.C. § 1915(e)(2)(B)(i) because plaintiff had "presented no evidence showing that his conviction had been called into question, thus making such motion premature").

**II. Plaintiff's Remaining State Law Claims**

Also before the Court are Plaintiff's state law claims for false arrest, malicious prosecution, and/or false imprisonment; malpractice; and fraud. Again, based on Plaintiff's Complaint, proposed amendments, and response to the May 22nd Order, the Court dismisses these claims *sua sponte*.

When statute of limitations questions arise in federal court, the court analyzes state law to determine what statute of limitations is applicable and whether that limitations period is tolled. *See, e.g., Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994) (per curiam); *see also* 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1056 (3d ed. 1998 & 2009 Supp.) (noting that "state law governs the tolling of the statute of limitations" in diversity actions). As previously mentioned, Georgia law requires Plaintiff to establish the existence of facts that would toll the statute of limitations. *AAA Truck Sales, Inc.*, 239 Ga. App. at 470, 521 S.E.2d at 405. Federal law, however, controls whether the allegations supporting the claim's accrual date are sufficient for purposes of a defendant's motion to dismiss. *Cf., e.g., Bernard Schoninger Shopping Ctrs., Ltd. v. J.P.S. Elastomerics, Corp.*, 102 F.3d 1173, 1177 (11th Cir. 1997) (finding that state "law determines when the applicable statute of limitations began to run in this case, but federal law determines whether the evidence supporting this starting date suffices to entitle the defendant to summary

7

judgment"). It therefore must be apparent from the face of Plaintiff's Complaint and proposed amendments that his claims are untimely. *See Tello*, 410 F.3d at 1288.

### A. False Arrest, False Imprisonment, and/or Malicious Prosecution

Georgia recognizes three torts based on the allegedly wrongful detention of a person: false arrest, false imprisonment, and malicious prosecution. *Ferrell v. Mikula*, 295 Ga. App. 326, 329, 672 S.E.2d 7, 10 (2008). Because it is unclear from Plaintiff's Complaint and his proposed amendments which cause of action Plaintiff asserts, the Court will address each.

A state law claim for false imprisonment has a two-year statute of limitations in Georgia. *See, e.g., McClendon v. Kroger Co.*, 279 Ga. App. 417, 417, 631 S.E.2d 461, 461 (2006). Plaintiff's cause of action for false imprisonment accrued upon his release from imprisonment. *Campbell v. Hyatt Regency*, 193 Ga. App. 542, 542, 388 S.E.2d 341, 342 (1989). Plaintiff was released from jail nine days after his September 7, 1989 arrest. (Compl. ¶ 5, at 5.) Plaintiff fails to provide any explanation why he waited nearly twenty years after his cause of action accrued to challenge his imprisonment. Therefore, to the extent Plaintiff alleges a state law false imprisonment claim, the Court dismisses it *sua sponte*.

Plaintiff's claims for false arrest and malicious prosecution also have two-year statutes of limitations. *See, e.g., McClendon*, 279 Ga. App. at 417, 631 S.E.2d at 461; *Reese v. City of Atlanta*, 247

8

Ga. App. 701, 703, 545 S.E.2d 96, 98 (2001).  False arrest and malicious prosecution claims accrue once the Plaintiff can establish that the criminal proceeding terminated in his favor.[2]  *See, e.g., McCord v. Jones*, 168 Ga. App. 891, 892, 311 S.E.2d 209, 210 (1983). As with Plaintiff's § 1983 claims for false arrest and malicious prosecution, the allegations in Plaintiff's submissions to the Court reveal that the only date that could possibly be construed as a "termination" of the underlying criminal prosecution would be the date Plaintiff was released from jail.  Even assuming that Plaintiff's release could constitute a "favorable" termination, which it does not, it occurred in September of 1989, and Plaintiff has not alleged any legitimate basis for tolling the statutes of limitations on these claims.  Accordingly, to the extent Plaintiff attempts to allege a state law false arrest and/or malicious prosecution claim, such claim would be time-barred.  The Court therefore dismisses Plaintiff's state law malicious prosecution and/or false arrest claims *sua sponte*.

### B. Malpractice

Plaintiff also brings a claim for "malpractice" under Georgia law.  A malpractice claim is a claim for professional negligence. *See, e.g., McMann v. Mockler*, 233 Ga. App. 279, 280, 503 S.E.2d 894,

---

[2] Again, the Court cannot discern from the face of Plaintiff's Complaint or from any of Plaintiff's submissions to the Court when Plaintiff's cause of action accrued because Plaintiff has repeatedly failed to allege that the underlying prosecution terminated in his favor. Thus, even if Plaintiff's claims were not time-barred, they would be dismissed for failure to state a claim.

896 (1998). A professional malpractice action in Georgia typically has a four-year statute of limitations. *See, e.g., Old Republic Nat'l Title Ins. Co. v. Attorney Title Servs., Inc.*, No. A09A0999, 2009 WL 1636567, at *1 (Ga. Ct. App. June 12, 2009). Georgia case law provides that a personal-injury action, such as a malpractice action, "'accrue[s]' when an actionable injury is first sustained." *Quinn v. Stafford*, 257 Ga. 608, 608, 362 S.E.2d 49, 50 (1987).

Even assuming, *arguendo*, that Plaintiff has otherwise stated a malpractice claim,[3] the Court cannot determine when Plaintiff contends he suffered an actionable injury due to the "malpractice" of either Lewis Defendant. The most recent date in Plaintiff's submissions to the Court that can be associated with an action of one of the Lewis Defendants is 2000. Thus, any claim for "malpractice" against either Lewis Defendant is untimely. The Court accordingly dismisses this claim *sua sponte*.

C.   Fraud

Plaintiff's fraud claim against Defendant Rachel Lewis is apparently based on his contention that she "continued to harass [Plaintiff] by placing fraudulent paperwork into the court system with the help of her attorney Richard Hagler for child support on an adopted child and Judge had signed and seal[ed] the adoption papers."

---

[3]The Court cannot discern from any of Plaintiff's submissions how either Lewis Defendant is a "professional" subject to suit. Thus, even if Plaintiff's malpractice claim was otherwise timely, it would be subject to dismissal for failure to state a claim upon which relief could be granted.

(Compl. ¶ 5, at 6.)  In addition, Plaintiff contends that Ms. Lewis filed allegedly fraudulent motions and fraudulently disposed of marital property.  (*Id.*)  Plaintiff's claim against Defendant James Lewis appears to center on the adoption of Plaintiff's daughter. Plaintiff contends that Rachel and James Lewis "could have found [Plaintiff] at any given time" and that "James Lewis had to have agreed to adopt the minor child with Rachel Lewis and was aware of their illegal actions."  (*Id.*)  Plaintiff apparently alleges that he was injured by being required to pay child support after his child was allegedly illegally adopted by James Lewis.  (*See id.*)

Fraud claims have a four-year statute of limitations in Georgia. *See Hamburger v. PFM Capital Mgmt., Inc.*, 286 Ga. App. 382, 387, 649 S.E.2d 779, 784 (2007).  A fraud claim accrues when an alleged misrepresentation results in actual damages, unless the plaintiff can show that the statute should be tolled.  *See id.* at 387-88 & n.21, 649 S.E.2d at 784 & n.21.  Even a broad construction of Plaintiff's Complaint, its proposed amendments, and Plaintiff's response to the May 22nd Order indicates that the most recent allegedly fraudulent order that could be linked to either Lewis Defendant occurred in the year 2000.[4]  (*See, e.g.,* Compl. ¶ 5, at 6; Ex. E to Pl.'s Resp. (reflecting child support payments and/or garnishment of wages due to

---

[4] Plaintiff contends that "[t]his suit is about an illegal adoption and illegal orders to the present," (Pl.'s Resp. 2), but Plaintiff does not point specifically to any fraudulent act he alleges was committed by either Lewis Defendant that occurred later than the year 2000.

11

child support obligations beginning in 1986 and ending in 2000).) The Court therefore turns to whether Plaintiff has sufficiently alleged that the statute should be tolled.

"Georgia law provides that '[i]f the defendant . . . [is] guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud.'" *Hamburger*, 286 Ga. App. at 388, 649 S.E.2d at 784 (alterations in original) (quoting O.C.G.A. § 9-3-96). "In cases where the gravamen of the underlying cause of action is actual fraud, 'the statute of limitations is tolled until the fraud is discovered or by reasonable diligence should have been discovered.'" *Id.* (quoting *Shipman v. Horizon Corp.*, 245 Ga. 808, 808, 267 S.E.2d 244, 246 (1980)). "[T]he fraud in question is not that which gives, but that which conceals a cause of action." *Kerce v. Bent Tree Corp.*, 166 Ga. App. 728, 729, 305 S.E.2d 462, 462 (1983) (internal quotation marks omitted). "Concealment" that prevents the running of the statute of limitations must involve "some trick or artifice . . . to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied onmust be of an affirmative character and fraudulent." *Id.*, 305 S.E.2d at 463.

Plaintiff contends that only the receipt of his daughter's wedding invitation in November of 2007 triggered his investigation

into the extent of the purportedly illegal court orders. Even assuming the veracity of this statement, Plaintiff has failed to explain how some fraudulent act of either Lewis Defendant "debarred or deterred" him from discovering the allegedly illegal orders. O.C.G.A. § 9-3-96; *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Because Plaintiff has failed to meet his burden of alleging facts sufficient to support the tolling of the statute of limitations, the Court dismisses Plaintiff's fraud claim *sua sponte*.

## CONCLUSION

As the Court mentioned in its previous Order, "the liberal construction given to *pro se* pleadings does not mean liberal deadlines." *Robinson v. Schafer*, 305 F. App'x 629, 630 (11th Cir. 2008) (per curiam) (internal quotation marks omitted). Plaintiff has had ample opportunity to proffer facts sufficient to support the timeliness of each of his claims. Absent such proffer, the Court must presume those facts do not exist. *See id.* (affirming district court's dismissal of civil complaint when *pro se* plaintiff failed to sufficiently allege a basis to equitably toll applicable statute of limitations). Accordingly, the Court dismisses, *sua sponte*, each of Plaintiff's remaining claims against Defendant James Lewis and Defendant Rachel Lewis, and this action is now dismissed in its entirety.

IT IS SO ORDERED, this 25th day of June, 2009.

                                            S/Clay D. Land

                                               CLAY D. LAND
                                     UNITED STATES DISTRICT JUDGE